IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL DEMONBRUN, | ) |
| Plaintiff, | ) CASE NO. 8:06CV534 |
| v. | ) |
| STEVENS TRANSPORT, | ) MEMORANDUM AND ORDER |
| Defendant. | ) |

This matter is before the court on defendant's Motion to Dismiss (Filing No. 11), and plaintiff's Response to Defendant's Motion to Dismiss (Filing Nos. 14 & 16). In defendant's motion, it argues that plaintiff's claims should be dismissed for lack of jurisdiction because plaintiff has failed to exhaust his administrative remedies. Plaintiff argues in his response that this court has jurisdiction over the case because a charge was filed with the Equal Employment Opportunity Commission (EEOC) and a series of other administrative bodies have reviewed the case.

## DISCUSSION

In plaintiff's amended complaint he claims that defendant terminated him in violation of the American with Disabilities Act (ADA) 42 U.S.C. § 12101 *et.seq.* The requirement to exhaust administrative remedies does apply to Title I of the ADA. See 42 U.S.C. § 12117(a); *Randolph v. Rodgers*, 253 F.3d 342, 347 n. 8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies"); *Dominguez v. Council Bluffs*, 974 F.Supp. 732, 735 (S.D. Iowa 1997) ("This court agrees that an employee making a claim under Title I of the ADA (which tracks the procedures of Title VII actions) is required to timely file an EEOC charge."). Accordingly, before bringing a complaint in this court plaintiff must file a charge of discrimination with the EEOC or Nebraska Equal Opportunity Commission (NEOC). *See* 42 U.S.C. § 12117(a); 42 U.S.C.A. § 2000e-5(e)-5. The EEOC or NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the agency determines there is no reasonable cause, the agency

will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *See, e.g.*, *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90-days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1).

The plaintiff has indicated in his responsive materials that a charge has been filed with the EEOC. Therefore, the court cannot, make a final determination on the defendant's motion to dismiss until the Plaintiff has provided to the court copies of all claims and charges the Plaintiff brought before the NEOC or the EEOC, and all Commission Determinations, Right to Sue Letters, and any other communication Plaintiff received from the NEOC or the EEOC.

**THEREFORE IT IS ORDERED:**

1. By November 17, 2006 Plaintiff shall provide to the court copies of all charges and claims brought by the Plaintiff to the NEOC or EEOC, and all Commission Determinations, Right to Sue Letters, or any other communications Plaintiff received from the NEOC or the EEOC.

2. The Clerk of Court shall send a copy of the Memorandum and Order to the plaintiff at his last known address.

DATED this 23rd day of October, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

2