IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARL DEMONBRUN, | ) | |
| Plaintiff, | ) | CASE NO. 8:06CV534 |
| v. | ) | |
| STEVENS TRANSPORT, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the court on plaintiff's response to the court's Order to submit all copies of all charges that he filed with any agency and all documents that he has received in response to charges filed with any agency. (Filing No. 22), and defendant's Motion to Dismiss (Filing No. 11).

Based on a review of the documents provided by plaintiff, it appears that either he failed to timely file an Administrative charge with the Equal Employment Opportunity Commission (EEOC), or there is currently a pending charge of discrimination under investigation by the EEOC. In either event, this court would not have jurisdiction over plaintiff's claims that require exhaustion of administrative remedies. See 42 U.S.C. § 12117(a); *Randolph v. Rodgers*, 253 F.3d 342, 347 n. 8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies"); *Dominguez v. Council Bluffs*, 974 F. Supp. 732, 735 (S.D. Iowa 1997) ("This court agrees that an employee making a claim under Title I of the ADA (which tracks the procedures of Title VII actions) is required to timely file an EEOC charge"). Therefore, if plaintiff failed to timely file an Administrative Charge, then he has simply failed to exhaust his administrative remedies. However, if there is currently an on-going investigation by the

EEOC, the EEOC or Nebraska Employment Opportunity Commission (NEOC) will investigate the charge and determine whether to file suit on behalf of the plaintiff, or make a determination of no reasonable cause. If the agency determines there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); See, e.g., *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90-days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1).

However, before this court can rule on defendant's motion to dismiss (filing no. 11) plaintiff must clarify the basis for his claims of Wrongful Termination in his Amended complaint. (Filing nos. 1 & 7). It is clear to the court that defendant is alleging a claim of discrimination based on a violation of the Americans with Disabilities Act (ADA). But it is not clear whether the plaintiff is raising any additional claims. In his amended complaint plaintiff states that defendant violated his civil rights based on discrimination due to his race or creed. But plaintiff does not articulate if he is bringing a claim of racial discrimination based on 42 U.S.C. § 1981 or Title VII or both. Furthermore, plaintiff fails to identify his race. This information is necessary before this court can rule on the motion to dismiss because while a claim of race-based employment discrimination under Title VII requires exhaustion of administrative remedies, a claim under 42 U.S.C. § 1981 does not. See, e.g., *Winbush v. State of Iowa By Glenwood State Hosp.*, 66 F.3d 1471, 1486 (8th Cir. 1995): "Suits under § 1981 do not require the administrative exhaustion procedures found under Title VII." See also *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1063 (8th Cir. 1997) (comparing Title VII and § 1981 claims): "Title VII and § 1981 set forth parallel,

substantially identical, legal theories of recovery in cases alleging intentional discrimination in employment on the basis of race .... However, there are still differences between the two statutes. They are not co-extensive in coverage (for example, Title VII does not cover all employers).

Additionally, it is not clear to the court what, if any, state law claims plaintiff is raising.  Therefore, the court will give plaintiff until **January 12, 2007** to amend his complaint to clearly indicate whether he is alleging a claim of racial discrimination, on what basis he is alleging such a claim, and his race or protected class.  Plaintiff shall also clearly state any other claims of employment discrimination he is alleging and the legal basis for those claims.

IT IS ORDERED:

1.  Plaintiff shall amend his complaint to provide the information outlined in this Memorandum and Order by **January 12, 2007**;

2.  The Clerk of Court shall mail a copy of this Memorandum and Order to plaintiff at his last-known address.

DATED this 18th day of December, 2006.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge