IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CARL DEMONBRUN,** | ) | **CASE NO. 8:06CV534** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STEVENS TRANSPORT,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Stevens Transport's Motion to Dismiss. (Filing No. 11). In its motion, defendant argues that plaintiff Carl DeMonbrun's Complaint should be dismissed under either Fed. R. Civ. P. 12(b)(1) for failure to Exhaust his Administrative Remedies or Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## BACKGROUND

On October 23, 2006, and November 6, 2006, this court issued two separate orders instructing plaintiff to submit to the court copies of all charges that he filed with any agency, and all documents that he has received in response to charges filed with any agency. On December 18, 2006, this court ordered plaintiff to file an amended complaint clearly indicating whether he is alleging a claim of racial discrimination, and if so, on what basis he is alleging such a claim. (Filing No. 23). Plaintiff filed timely responses to each Order. In response to the December 18, 2006, Order, plaintiff filed an amended complaint stating that his claim of employment discrimination is based on the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12112 *et. seq*. The court is now ready to rule on defendant's Motion to Dismiss.

**DISCUSSION**

In an ADA case, the plaintiff is required to exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). See 42 U.S.C. § 12117(a); *Randolph v. Rodgers*, 253 F.3d 342, 347 n. 8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies"); *Dominguez v. Council Bluffs*, 974 F.Supp. 732, 735 (S.D. Iowa 1997) ("This court agrees that an employee making a claim under Title I of the ADA (which tracks the procedures of Title VII actions) is required to timely file an EEOC charge"). The EEOC or NEOC will investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the agency determines there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1); *See, e.g.*, *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997).

After reviewing the documents submitted by plaintiff, it appears that either he failed to file a timely Administrative Charge with the EEOC, or there is a pending charge of discrimination currently under investigation by the EEOC. In either event, this court does not currently have jurisdiction over plaintiff's ADA claims. If there is an on-going investigation by the EEOC, plaintiff has 90-days from the receipt of a right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1).

## CONCLUSION

Because plaintiff has failed to exhaust his administrative remedies, his complaint alleging that the defendant violated the Americans with Disabilities Act is dismissed without prejudice.

IT IS ORDERED:

1. That defendant's motion to dismiss (Filing No. 11) is granted; and

2. Plaintiff's complaint is dismissed without prejudice.

DATED this 3rd day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge